Case 13-5772 and 13-5864 U.S.A. v. Carl Moore Org. 15 minutes per side Ms. Corey for the appellant, cross-appellee Good morning, your honors. I'm Leslie Corey here for defendant Carl Moore. It's a case out of the Eastern District of Tennessee. I have asked for 11 minutes for my opening argument and 4 minutes for closing. The only issue that I intend to address is the government's cross-appeal. So I presume the court has no problem with my spending my first 11 minutes on the government's cross-appeal. Well, however you want to proceed is fine. I won't guarantee you might not get questions on other issues, but go ahead as you would. Thank you, your honor. And I'll be glad to answer any questions on the other two issues. I felt like the arguments in the record were sufficient for those. And the government asked for oral argument on this issue. In count one of the superseding indictment, Mr. Moore was charged with what's colloquially called a felon in possession of a firearm, violation of 18 U.S.C. 1922 G. An essential element of that offense is that prior to the defendant's being found to possess a firearm, he had sustained a conviction for a crime carrying a sentence of a year or more. Under the definitions in the chapter in section 921, it provides that the determination of whether there was a conviction will be determined under the law of the jurisdiction in which the conviction was supposedly sustained. So here that would be state of Tennessee law. When the case went to trial, Mr. Moore was convicted by jury. The judge, following the jury conviction, reconsidered the defendant's Rule 29 motion and agreed that it should be granted that Mr. Moore should be acquitted of the 1922 G because the government had failed to prove beyond a reasonable doubt that Mr. Moore had a prior conviction for an offense that carried a sentence of a year or more. He didn't serve time for it, did he? That's correct. He went to prison for it. Your Honor, he did not actually go to prison. The written judgment that came down gave him a three year sentence to serve 11 months 29 days, which in fact he had already served. So he was released when the written judgment came down. In the state of Tennessee, a judgment of conviction consists of three things. And it's not a judgment of conviction unless all of those things are there. The defendant has to either be found guilty, there has to be a verdict of guilt, or a plea of guilty. He has to have been adjudicated guilty by the court and he has to have been sentenced by the court. This is what Judge Collier found. Some of the cases he relied on for this principle were State v. Vassar, 870 SW 2nd 543. Spencer v. State, which is 140 SW 597. And Tennessee v. Johnson, 980 SW 2nd 410. Since the original argument was made in this case, the Tennessee Supreme Court issued another ruling in a case that bears on this. It is Rodriguez v. State of Tennessee, 2014 Westlaw 1347085. I cited it in a 28-J briefing. And that dealt specifically with whether a defendant who appears in court and pleads guilty in open court but then receives judicial diversion and there is no adjudication of guilt or sentence, whether that person has sustained a conviction. And the Supreme Court ruled that he had not sustained a conviction because there was no adjudication of guilt. This wasn't a diversion in your claim? No, Your Honor, but the Tennessee Supreme Court made the ruling based on the fact that a plea of guilty standing alone does not constitute a conviction. A conviction has to include the adjudication of guilt and the sentence. Now, the Rodriguez case also referred to, as did the earlier Vassar case, both the informal definition that is sometimes used of conviction, which would be, say, in the newspaper when a jury finds a person guilty of a crime, there is a verdict and the paper might say he was convicted. Rodriguez refers to that as, I think, the popular definition. But it said that the technical definition of a conviction has to have all of those elements. And the transcript of Mr. Moore's state sentencing hearing or his plea hearing reflects that he had three indictments against him. He entered into a plea agreement. The agreement was one indictment would be dismissed outright. He would plead guilty to one charge in the other indictment, which would have constituted a felony conviction, carrying a sentence in excess of a year. And then the third indictment, he would plead guilty to three misdemeanor counts. The judge went over all of his rights. The judge went over the terms of the plea agreement. And then when the sentencing hearing portion of the proceeding, there wasn't going to be a pre-sentence report. So when she launched into the sentencing, she said she accepted his pleas of guilty and she judged him guilty of the three misdemeanors and she imposed sentence on the three misdemeanors, which is 11 months, 29 days, suspended. Then she finished up by saying all other counts were dismissed. When the written judgment came down shortly thereafter, the three misdemeanor counts were properly recorded. There was a fourth judgment that came down. It reflected that she had judged him guilty of a misdemeanor and that he had received a sentence. Well, when you look at the sentence, either the sentence was illegal or it was incorrect to say that she had judged him guilty of a misdemeanor because it was a three-year sentence on which she received probation after service of 11 months, 29 days. In addition to Tennessee case law saying that a judgment of conviction or a conviction consists of the plea, the adjudication, and the sentence, Tennessee law is quite clear that if there's a discrepancy between the judgment order, which is merely a memorialization of what happened during the sentencing proceeding, and the transcript of the proceeding, the transcript controls. Some of the cases that cite to that principle are State v. Crow, 168 Southwest 3rd, 731, State v. Jones, 198 Westlaw, 886567, and State v. Zyla, 628 Southwest 2nd, 39. All of those state that the transcript of what actually happened at the sentencing proceeding controls over either the written judgment or the minutes. And the reason that is, Your Honors, because the written judgment is supposed to be a memorialization of what occurred at the sentencing proceeding. In this case, not only was the written judgment invalid on its face because it indicated that he had pled guilty to and been convicted of a misdemeanor, it was invalid because it memorialized something that simply never happened. Mr. Moore entered pleas of guilty, but he was never adjudicated on the felony charge, and he was never sentenced on the felony charge. So under the law of Tennessee, Mr. Moore did not sustain a conviction that would support the essential element of 922G, which is that he be convicted of a crime carrying in excess of a year. So the judge has to go through the incantation and say, I find you guilty, and that's fine. That's what they do all the time. Your Honor, indeed, that is what they are supposed to do. Rule 43A of the Tennessee Rules of Procedure says that the judge must address the defendant in open court. The defendant has a right to be present when he has his sentencing hearing. I understand that, but I think it's kind of a strange rule, but maybe that's what Tennessee wants to say after the person's pleaded guilty, after all the advice of rights, and he says, I'm guilty, Judge, and the judge says, I have to find you guilty, you're guilty. That's what you do. Your Honor, that is the technical definition, and what we have in a case such as this, under 922G, the defendant doesn't even know he has to have been convicted. He doesn't have to know he sustained a conviction. It can be an unconstitutional conviction, and it still will be usable for 922G. The only thing the government has to prove is that the defendant had an actual conviction in that jurisdiction, and that, in this case, is what the government cannot show beyond a reasonable doubt, because under the standard, which is there has to have been an adjudication of guilt and a sentencing proceeding, that did not happen in Mr. Moore's case. It's like a collateral attack on a prior conviction. Well, Your Honor, that's an excellent question, and I know that that's exactly what... That's their position. It is, Your Honor. But a collateral attack first, above all, acknowledges a conviction, and all of the cases that the government will cite, it's going to be a situation where a defendant comes in after having been convicted, having agreed he's convicted, and then claiming for some reason that the conviction was invalid, it was either void, or it was unconstitutional and voidable, and it should be reversed. But there is no case where the defendant comes in and claims, I was not convicted. Under Tennessee law, there's no way that the aggravated burglary could, in fact, be a misdemeanor, is there? No, Your Honor. If he, in fact... So the discrepancy on the judgment is, it's a legal impossibility. Exactly, Your Honor. The fact is that if you look at that judgment, there has to be something wrong. Either he didn't plead guilty to a misdemeanor, or he can't have received the sentence that he received. And I see my time is up. Thank you. Good morning. Would you like to retain some time? Yes, Judge, I would. May it please the Court, I am Jay Woods for the United States, and I would likewise like to reserve four minutes to address the government's cross-appeal in this case. All right. On its face, the judgment of conviction from state court in this case presents a valid conviction for a crime that carries a penalty of more than a year. Whether misdemeanor or felony, on its face, the state court conviction satisfies the element that the United States must prove to show that the defendant was convicted of a crime punishable by a term exceeding one year. Did we use Tennessee criteria, as your opponent has said? Yes, Judge. Rodriguez? Does Rodriguez apply? Well, turning then to Rodriguez, Judge, Rodriguez says that it is the judgment of conviction that gives legal consequence to a finding of guilt. Here, there is a judgment, and it imposes a legal consequence of a finding of guilt for a crime punishable by a term of imprisonment for more than a year. So, frankly, I don't quite see the holding of Rodriguez as helping the defendant's argument here. Rodriguez says that the technical meaning of conviction refers to the final judgment entered on a plea or verdict of guilt. And what we have here in the record, what we have that was submitted to the jury as government's Exhibit 1, is in fact a judgment. That presents a conviction on the defendant's plea of guilty for a crime punishable by a term exceeding one year. So, the District Court erred when it violated the holding of Lewis v. United States, a Supreme Court opinion, which held that a firearms prosecution does not open the door, excuse me, does not open the predicate conviction to a new form of collateral attack. The clear holding of the Supreme Court is that the District Court should not have allowed this collateral attack. But it did. Admittedly, the judgment of conviction from the State Court is not perfect. It does, in fact, define the crime of conviction as a misdemeanor. But for the purposes of showing that the defendant was convicted of a crime punishable by more than a year in prison, the judgment of conviction is satisfactory. It's sufficient. Can I ask about that? Presumably, if the authorities that Ms. Corey relies on mean anything, it would mean that a defendant under state law, putting aside this conviction, in this case entirely, might have a right to have the judgment corrected. And that might be termed, whether it's termed a post-judgment motion or whether it's termed a collateral attack, there would probably be some way for the defendant to get the record corrected, although it might not be practically in his interest to do so, right? That's correct. And that's what happened here, as a matter of fact. First, the error that the defendant points to, that the defendant wasn't in court when the court orally pronounced the sentence, the State Court orally pronounced the sentence, is a rule of procedure. It doesn't rise to a level of constitutional magnitude. For that reason, State Court law says that that conviction is voidable. Not void. It is voidable. And so the court has the opportunity, gets the opportunity, to correct it. So the relief, that's where I was going, the relief the defendant received would merely be correction of the judgment. And the defendant asked for correction of the judgment. He went back to the State Court and said that the proceeding did not follow the rules of procedure. And he claimed that it was a speedy sentencing issue. But what the State Court said was, it was an act of inadvertence. And the State Court said that there was no relief. The conviction that the State Court imposed at the defendant's plea was the conviction that the State Court meant to impose. And for that reason, where the defendant goes back and asks the court to void the judgment, and the court says no, the State Court, excuse me, says no, the State Court is saying, in fact, that conviction is valid. I just can't remember the timing in this case, the timing, the point at which that relief was sought by the defendant. It was a year and three days. So the defendant was convicted. He entered his guilty plea. Went through the entire plea colloquy on October 6th of 2011. He returned to the State Court and asked for relief, which the State Court denied on October 9th of 2012. Was that before or after he got into this trouble of our case? The defendant returned to State Court asking for relief after the first federal indictment was returned. He was hoping to be relieved of the effect of his state conviction for the purpose, presumably, of rendering the indictment for the felon in possession of a firearm charge invalid. That's what he had hoped for. In fact, the State Court told him. And he didn't get that. That's correct. The State Court told him that the State Court judge's act of inadvertence did not void the conviction. That it was a valid conviction. So the invitation that Ms. Corey extends to us in terms of her analysis is that we apply state law and come out somewhere other than where the State Court came out on the issue. That's exactly what she's asking. And the fact of the matter is that where the court makes a procedural error, any court that makes a procedural error deserves to have the opportunity to fix it. And to go back and undermine the State Court's remedy would not be appropriate here. The defendant has a valid conviction for a crime punishable by a term exceeding one year. The government proved its case. And on the DeNovo review, taking the proof in the light most favorable to the United States, we have a conviction here. And we are asking this court to vacate the District Court's acquittal. It seems to me it's almost like race judicata, but you're not arguing that, are you? I am not, but I think that's an appropriate analogy to draw. Here we have a State Court who has made a ruling and followed its own law in deciding that this is a valid conviction. Looking briefly at the State Court proceedings, what happened as the defendant went into court on his aggravated burglary conviction is that he prepared a written plea agreement in which he pled guilty to the aggravated burglary. He bargained for a specific sentence. He went into court and under oath pleaded guilty to this offense. And the court accepted that plea. The court erred, made a mistake of inadvertence, as the State Court calls it, when she failed to impose the sentence in the defendant's presence, but remedied that with a judgment that was issued immediately. And the fact that that judgment is now under attack brings us full circle back to the point that I'm trying to make in the first place. The collateral attack here was not appropriate under Lewis v. United States. We should never have looked behind the judgment of conviction from the State Court in the first place. Lewis does not allow collateral attack, even for an invalid conviction. And the District Court erred when he allowed the collateral attack, when he allowed the defendant to look behind his judgment of conviction. The panel has no more questions. I'll conclude. We're here before the court today asking the court to vacate the acquittal on count one of the defendant's felony possession. We're asking the court to affirm the evidentiary ruling, which has not been a subject of oral argument here. And we're asking the court to remand all three counts of conviction for sentencing before the District Court. The panel has no more questions. Thank you. Your Honors, again, we are not attacking a judgment. We are asserting that Mr. Moore did not have a state conviction. Well, that's the same thing. Your Honor. I mean, the State Court has said its conviction is its conviction. It hasn't said he's not convicted of the felony. I mean, it turned down his request for release. So, how do we, I mean, aren't you, you're asking us to undertake a collateral attack on a state conviction, not a constitutional ground, but based on our interpretation of state law, an interpretation the State Court has already rejected? Your Honor, we did not go to court in State Court asking for an amended judgment or correction of judgment. We went to court asking for the judge to sentence Mr. Moore. The judge declined to sentence Mr. Moore and indicated she felt what she had done was adequate. But all of that occurred after Mr. Moore had been arrested and charged with the federal offense. The point at which, Your Honor, the point at which the determination has to be made of whether Mr. Moore had a state conviction is at the point when he was arrested. This court, as did Judge Collier, is in a position of looking at a state law definition of what constitutes a conviction and saying whether it applies for purposes. If he had, if you had, well, let's say you had sought to have the conviction set aside and you had succeeded during the pendency of this case, you wouldn't be arguing that the state could still prosecute him. You wouldn't like the fact that the state was still prosecuting him for felon in possession of a firearm when he was in fact under state law no longer a felon. So that can't be the only pertinent time frame, can it? Your Honor, I believe it is in this case because a conviction consists of three things. At the time he was sentenced, excuse me, at the time he was arrested had he been convicted. That is the determination that the district court had to make taking state law and applying it to the particular circumstances in this case and to see how it fit the requirements of 922G. All the state court judge did was make her own interpretation of the same state law. She said he wasn't entitled to be sentenced. So should we depend upon a Tennessee court to tell us what Tennessee law is? And it was an appeal, was it? Your Honor, we do not have to rely on a criminal court judge's interpretation of a statute. The federal court is in the same position in regard to this statute and how it applies to a 922G conviction. I understand that, but this is an interpretation of your case in the prior court, you know. I don't know how in the world the present court is not the best interpreter of state law. Well, Your Honor, she was making her decision months afterward. She was aware that her decision would affect whether or not Mr. Moore was going to be prosecuted in federal court. That determination should not be the final answer to this question. The district court was required by 921 to decide whether there was a valid state court conviction. He determined there was not. That decision should be upheld by this court. Thank you. All right. Whether months passed, days passed, or a year passed, the state court had in front of it the same transcript that the court now has to review of the state court proceedings. She made a ruling, interpretation of state law, and this court should recognize that that was a valid conviction and vacate the acquittal of this count. Judge Gibbons, the framing of this issue is the key to the entire argument, and as the defendant is trying to avoid the clear holding of Lewis by claiming the conviction doesn't exist, the Exhibit 1 that the United States presented as evidence clearly shows a judgment of conviction that was in effect before the defendant possessed the firearm that's now under review. The state court said there's no dispute in her order. She said there's no dispute as to the terms of the plea agreement, and so the effect here that the defendant is asking for to vacate the state court conviction because of a violation of a rule of procedure elevates form over substance because what we have here is a procedural error, nothing of constitutional magnitude, and the United States submitted the Bennett case from Tennessee Court of Criminal Appeals in its briefing, and the Bennett case had the same situation here. There was a defendant who wasn't present at sentencing. Matter of fact, he didn't have counsel present at sentencing either, and the Bennett opinion said that that isn't, even in that situation, it's not a void judgment. It's merely voidable where the defendant's not even present at sentencing. It's important to note briefly that the district court, Judge Collier's memorandum in order on this issue, did not even mention the Lewis case. The Lewis case is the most directly on point case for this panel to review, and the fact of the matter is that Lewis doesn't allow a collateral attack. That's what happened here. Respectfully, that's where the district court erred, and that's the grounds upon which this panel should vacate the acquittal. If there are no more questions, then I have concluded my presentation. Thank you very much. Thank you. The case is submitted, and you may call the next case.